## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

KOURTNAE BEASLEY,

        Plaintiff,

v.

HOLLIS COBB ASSOCIATES, INC.

        Defendant.

Civil Action No.:

Jury Trial Demand

## PLAINTIFF'S ORIGINAL COMPLAINT FOR DAMAGES AND JURY DEMAND

COMES NOW, Plaintiff, Kourtnae Beasley, by undersigned counsel, Jesse Kelly P.C. files this Complaint against Hollis Cobb Associates, Inc.

## JURISDICTION AND VENUE

### 1.

Plaintiff presents a federal question under the Civil Rights Act of 1964, 42 U.S.C.S. § 2000e et al. and the Civil Rights Act of 1866 42 U.S.C.S § 1981 against a private sector employer. Hence, this Court has jurisdiction pursuant to 28 U.S.C. 1331.

2.

Plaintiff timely filed a charge of Title VII discrimination with the Equal

Employment Opportunity Commission (EEOC) on December 19, 2022. A true and

accurate copy of the Charge is attached as Exhibit A.

3.

On February 7, 2023, Plaintiff received her right to sue letter from the

EEOC. A true and accurate copy of the Charge is attached as Exhibit B. Hence,

this suit is timely filed.

4.

Venue is proper under 28 U.S.C. §1391(b) and (c), as all the acts of which

Plaintiff complains occurred in the United States District Court for the Northern

District of Georgia. Additionally, personal jurisdiction is established in that

Defendant maintains a place of employment and has a registered agent in this

district.

5.

All applicable and legally adequate administrative remedies available to

Plaintiff and all conditions precedent for seeking judicial relief have been properly

and timely exhausted.

## PARTIES

6.

Plaintiff is a resident of Georgia, and she is a citizen of the United States.

7.

Plaintiff was formerly employed by Defendant, Hollis Cobb Associates, Inc. ("Hollis Cobb").

8.

Defendant is an employer within the meaning of 42 U.S.C. §2000e(b) and has its registered office at 3175 Satellite, Blvd., Suite 400, Duluth, GA 30096.

## FACTS

9.

Plaintiff began her employment with Defendant as a Customer Service Representative on February 21, 2020.

10.

On November 16, 2021, Plaintiff was promoted to Specialty Coordinator for Defendant's Pre-Registration Department.

11.

In her role as Specialty Coordinator, Plaintiff witnessed and experienced

racial discrimination.

12.

In March 2022, Plaintiff engaged in protected activity by expressing her opposition to disparate treatment based on race when she explained to her supervisor Pam Nexon how her supervisor's actions could be perceived as racist.

13.

On October 18, 2022, despite being qualified to interview for a manager position, Plaintiff further expressed her fear or being discriminated when she emailed management (Shellye Cummings and Floyd Lawson) that she felt that Defendant's non-selection was an attempt to subject her to further discrimination.

14.

In or around October 2022, Plaintiff was demoted back down to Customer Service Representative for Piedmont Hospital.

15.

In this new role, Plaintiff was denied the same level of training as similarly situated colleagues that had not engaged in protected activity (opposition to discrimination made unlawful by Title VII of the Civil Rights Act of 1964).

16.

Thereafter, Plaintiff was then asked to meet sales goals that were higher than her similarly situated colleagues that received more training.

17.

On or about January 11, 2023, after Plaintiff filed her charge of

discrimination with the EEOC, she learned that she no longer had access to her

prior emails.

18.

After consulting with peers, Plaintiff soon learned that others did not have

the same restrictions on their prior work emails.

19.

On February 6, 2023, Defendant terminated Plaintiff's employment.

<u>COUNT I</u>
<u>RETALIATION IN VIOLATON</u>
<u>OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 42 U.S.C.S §2000e-3(a)</u>.
20.

Plaintiff incorporates paragraphs 1-19 hereto.

21.

Plaintiff engaged in protected activity when she expressed her good faith

opposition to racial discrimination made unlawful by Title VII of the Civil Rights

Act of 1964 during her March 2022 conversation with supervisor, Pam Nexon.

22.

Plaintiff again expressed her opposition to discrimination made unlawful by

Title VII when she emailed management (Shellye Cummings and Floyd Lawson)

on October 18, 2022, to explain her good faith belief that Plaintiff's non-selection

to a manager position was proof of further discrimination.

23.

On December 19, 2022, Plaintiff participated in protected activity by filing a charge of Discrimination with the EEOC.

24.

Plaintiff was subjected to an adverse employment action when she was demoted in October 2022.

25.

Plaintiff was again subjected to an adverse employment action when she was denied a promotion to a manager position.

26.

Plaintiff was further subjected to an adverse employment action when she was terminated on February 6, 2023.

27.

Defendant management officials that terminated Plaintiff's employment and those that subjected to her disparate treatment with respect to training and her performance metrics were aware of Plaintiff's protected activities prior.

28.

<u>COUNT II</u>
<u>RETALIATION IN VIOLATON</u>
<u>OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1866 42 U.S.C.S § 1981.</u>

29.

Plaintiff incorporates paragraphs 1-19 hereto.

30.

Plaintiff engaged in protected activity when she expressed her good faith opposition to racial discrimination made unlawful by 42 U.S.C.S. § 1981, during her March 2022 conversation with supervisor, Pam Nexon.

31.

Plaintiff again expressed her opposition to discrimination made unlawful by Title VII when she emailed management (Shellye Cummings and Floyd Lawson) on October 18, 2022, to explain her good faith belief that Plaintiff's non-selection to a manager position was proof of further discrimination.

32.

 On December 19, 2022, Plaintiff participated in protected activity by filing a charge of Discrimination with the EEOC.

33.

Plaintiff was subjected to an adverse employment action when she was demoted in October 2022.

34.

Plaintiff was again subjected to an adverse employment action when she was denied a promotion to a manager position.

35.

Plaintiff was further subjected to an adverse employment action when she was terminated on February 6, 2023

36.

Defendant management officials that terminated Plaintiff's employment and those that subjected to her disparate treatment with respect to training and her performance metrics were aware of Plaintiff's protected activities prior.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands a TRIAL BY JURY and that the following relief be granted:

A. That this Court take jurisdiction of this matter

B. That the Court award lost compensation and economic benefits of employment to the Plaintiff in the amount to be determined by the trier of fact;

C. That the Court award Plaintiff her cost of litigation in this action and her reasonable attorney's fees.

D. That the Court grant Plaintiff the right to have a trial by the jury on all the issues triable to a jury; and

E.  That the Court grant such additional relief as the Court deems proper and

just.

Respectfully submitted this 7th day of May 2024.


**JESSE KELLY PC**
By:   /s/ Jesse L. Kelly
Jesse L. Kelly, Esq.
Georgia Bar No. 935869
355 Lenox Road Suite 1000
jesse@jkellypc.com

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to L.R. 5.1, the undersigned, attaches this Certificate of Service

This 7th day of May 2024.

**JESSE KELLY PC**

*/s/ Jesse Kelly*

**Jesse L. Kelly**
Ga Bar No. 935869
3355 Lenox Rd. Suite 1000,
Atlanta, GA 30326
Phone: (678) 460-6801
Fax: (678) 730-3443
jesse@jkellypc.com